UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN PURDY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 04-10748-MEL |
| ) | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, et al. ) | |
| ) | |
| Defendants. ) | |

DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Life Insurance Company of North America ("LINA" or Defendant")
hereby answers Plaintiff's complaint, with the corresponding numbered paragraphs, as
follows:

1.     Defendant states that the allegations in the first sentence in Paragraph 1 are legal
conclusions to which a response is not required.  Defendant admits the allegations
in the second and third sentences in Paragraph 1.  With respect to the fourth
sentence of Paragraph 1, Defendant admits that the Policy number is SLK-
030012, but denies that the Plan number is SLK-030012.

2.     Defendant states that the allegations in Paragraph 2 are legal conclusions to which
a response is not required.

3.     Defendant states that the allegations in Paragraph 3 are legal conclusions to which
a response is not required.

4.     Defendant states that the allegations in Paragraph 4 are legal conclusions to which
a response is not required.

1

5.     Defendant admits the allegations in the first sentence in Paragraph 5. Defendant states that the remaining allegations in Paragraph 5 are legal conclusions to which a response is not required.

6.     Defendant admits the allegations in Paragraph 6.

7.     Defendant states that the allegations in Paragraph 7 are legal conclusions to which a response is not required.

8.     Defendant admits the allegations in Paragraph 8.

9.     Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in Paragraph 9.

10.     Defendant admits the allegations in Paragraph 10.

11.     Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in Paragraph 11.

12.     Defendant states that the allegations in Paragraph 12 are legal conclusions to which a response is not required. To the extent Paragraph 12 is interpreted to allege facts, Defendant denies such allegations.

13.     Defendant admits the allegations in Paragraph 13.

14.     Defendant states that the allegations in Paragraph 14 are legal conclusions to which a response is not required. To the extent Paragraph 14 is interpreted to allege facts, Defendant denies such allegations.

15.     Defendant denies the allegations in Paragraph 15 as failing to state the entirety of a document that is the best evidence of its contents.

16.     Defendant denies the allegations in Paragraph 16 as failing to state the entirety of a document that is the best evidence of its contents.

17.   Defendant denies the allegations in Paragraph 17.

18.   Defendant admits the allegations in Paragraph 18.

19.   Defendant denies the allegations in Paragraph 19.

20.   Defendant admits the allegations in Paragraph 20.

21.   Defendant denies the allegations in Paragraph 21.

22.   Defendant admits the allegations in Paragraph 22.

23.   Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in Paragraph 23.

24.   Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in Paragraph 24.

25.   Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in Paragraph 25.

26.   Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in Paragraph 26.

27    Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in Paragraph 27.

28    Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in Paragraph 28.

29.   Defendant denies the allegations in Paragraph 29.

30.   Defendant admits the allegations in Paragraph 30.

31.   Defendant admits that Ms. Purdy allegedly suffered from some clinical depression but denies the remaining allegations in Paragraph 31.

32.    Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in Paragraph 32.

33.    Defendant admits the allegations in Paragraph 33.

34.    Defendant admits the allegations in Paragraph 34.

35.    Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in Paragraph 35.

36.    Defendant denies the allegations in Paragraph 36.

37.    Defendant denies the allegations in Paragraph 37.

38.    Defendant admits that it terminated benefits to Plaintiff by letter dated September 19, 2002, but Defendant denies the remaining allegations in Paragraph 38 as failing to state the entirety of a document that is the best evidence of its contents.

39.    Defendant admits that by letter dated February 3, 2003, through counsel, Plaintiff appealed Defendant's decision but denies the remaining allegations in Paragraph 39.

40.    Defendant admits that the appeal contained a letter dated November 21, 2002 from Dr. Sugai and Dr. Seek, but Defendant denies the remaining allegations in Paragraph 40.

41.    Defendant denies the allegations in Paragraph 41 as failing to state the entirety of a document that is the best evidence of its contents.

42.    Defendant denies the allegations in Paragraph 42 as failing to state the entirety of a document that is the best evidence of its contents.

4

43.   Defendant admits that the appeal contained a letter dated October 30, 2002 from Dr. Tallman, but Defendant denies the allegations in Paragraph 43 as failing to state the entirety of a document that is the best evidence of its contents.

44.   Defendant admits the allegations in Paragraph 44 with the sole exception that it denies the characterization of Dr. Bensinger as a "paper reviewer."

45.   Defendant admits the allegations in Paragraph 45.

46.   Defendant lacks information sufficient to admit or deny the allegations in Paragraph 46.

47.   With respect to Paragraph 47, Defendant denies the allegation that Dr. Bensinger's conclusions were erroneous and denies the remaining allegations in Paragraph 47 as failing to state the entirety of a document that is the best evidence of its contents.

48.   Defendant admits the allegations in Paragraph 48.

49.   Defendant admits the allegations in the first sentence in Paragraph 49.  Defendant denies the allegations in the second sentence in Paragraph 49.

50.   Defendant denies the allegations in Paragraph 50.

51.   Defendant denies the allegations in Paragraph 51.

52.   Defendant admits that it denied Plaintiff's request for reconsideration by letter dated February 3, 2004, but Defendant denies the remaining allegations in Paragraph 52 as failing to state the entirety of a document that is the best evidence of its contents.

53.   Defendant admits the allegations in Paragraph 53.

54.   Defendant denies the allegations in Paragraph 54.

55.     Defendant denies the allegations in Paragraph 55.

56.     Defendant denies the allegations in Paragraph 56.

57.     Defendant denies the allegations in Paragraph 57.

58.     Defendant denies the allegations in Paragraph 58.

59.     Defendant denies the allegations in Paragraph 59.

60.     Defendant denies the allegations in Paragraph 60.

61.     Defendant denies the allegations in Paragraph 61.

62.     Defendant denies the allegations in Paragraph 62.

63.     Defendant denies the allegations in Paragraph 63.

64.     Defendant admits the allegations in Paragraph 64.

65.     All prior responses are hereby restated.

66.     Defendant states that the allegations in Paragraph 66 are legal conclusions to which a response is not required.

67.     Defendant states that the allegations in Paragraph 67 are legal conclusions to which a response is not required.

68.     Defendant denies the allegations in Paragraph 68.

69.     Defendant states that allegations in Paragraph 69 are legal conclusions to which a response is not required.

70.     Defendant states that the allegations in Paragraph 70 are legal conclusions to which a response is not required.  To the extent Paragraph 70 is construed to allege facts, Defendant denies such allegations.

71.     Defendant denies the allegations in Paragraph 71.

72.     Defendant denies the allegations in Paragraph 72.

73.     Defendant denies the allegations in Paragraph 73.

74.     All prior responses are hereby restated.

75.     Defendant denies the allegations in Paragraph 75.

76.     Defendant denies the allegations in Paragraph 76.

77.     Defendant denies the allegations in Paragraph 77.

78.     Defendant denies the allegations in Paragraph 78.

79.     Defendant denies the allegations in Paragraph 79.

<u>AFFIRMATIVE DEFENSES</u>

1.     Plaintiff is subject to any and all offsets to benefits set forth in the operative policy.

2.     The Plaintiff is not disabled within the meaning of the policy or plan and this constitutes a complete defense to the claims contained in Plaintiff's Complaint.

3.     The Court's review of this matter is limited to the administrative record before the claims administrator or claims fiduciary at the time of the denial of Plaintiff's claim.

4.     No payments are owed to the Plaintiff under the terms and conditions of the said policy or plan.

5.     Plaintiff's eligibility for benefits is subject to the restrictions contained in the policy or plan.

6.     Plaintiff's claim for benefits under the policy was properly denied by Life Insurance Company of North America.

7.     Answering Defendants assert any and all defenses available to them under the terms of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.

7

F:\Files\CIGNA\Purdy\Answer.doc

8.    Life Insurance Company of North America's denial of benefits under all of the

circumstances was reasonable and was not arbitrary, capricious, unreasonable or

erroneous as a matter of law, and this constitutes a complete defense to the within

cause of action.

9.    Plaintiff's claims for future benefits are legally improper and, at most, Plaintiff

would only be entitled to monthly benefits upon continued proof of disability and

subject to all the terms of the policy or plan.

10.    The allegations in the Complaint fail to state a cause of action pertaining to any

claim for attorneys fees, interest and costs.

Life Insurance Company of North America

By its Attorney,

David B. Crevier, BBO # 557242
Theodore F. Glockner, BBO # 629469
Crevier & Ryan LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
(413) 787-2400
Fax: (413) 781-8235
Email: Dcrevier@crevierandryan.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel to all other parties to this
action by first class U.S. mail, postage prepaid, this day of JUNE 28 , 2004.

F:\Files\CIGNA\Purdy\Answer.doc